8730

HAMILTON v. WESTERN UNION TEL. CO.

1. Telegraph Companies—Wilfulness.—Whether failure to deliver a telegram to a policeman and to notify sender of failure of further efforts to deliver as requested, and placing the message in an envelope and so retaining it in the office of the telegraph company until the trial of the case, is evidence of a wilful disregard of plaintiff's rights is for the jury.

2. Ibid.—Mental Anguish.—A telegram, "Your boy is here with me. Don't be uneasy," imports mental anguish on its face.

3. Ibid.—Ibid.—In action for mental anguish for failure to deliver such telegram, evidence that the father suffered mental anguish caused by the failure to deliver the telegram is competent.

4. Ibid.—Damages.—In an action for mental anguish for failure to deliver a telegram, the jury in their verdict should separate actual and punitive damages.

Before Spain, J., Calhoun, May, 1913. Affirmed.

Action by J. C. Hamilton against Western Union Telegraph Company. Defendant appeals.

*Messrs. Geo. H. Fearons, Nelson, Nelson & Gettys,* for appellant, cite: *Mere change of letter in address will not warrant punitive damages:* 83 S. C. 22; 82 S. C. 87. *Showing effort to deliver overcomes presumption of wilfulness from long delay:* 84 S. C. 482; 90 S. C. 539. *There was no notice on face of telegram that it related to sickness or death:* 90 S. C. 503; 93 S. C. 119; 81 S. C. 235;

77 S. C. 148. *Evidence as to mental condition of plaintiff was incompetent:* 69 S. C. 231; 73 S. C. 520.

*Messrs. McLaughlin & Smith* and *R. Y. Kibler,* contra.

January 21, 1914. The opinion of the Court was delivered by

MR. JUSTICE FRASER. This is an action for damages for failure to deliver a telegram. Both actual and punitive damages demanded.

George Byrd, a son-in-law of the plaintiff, lives in Columbia, S. C., and phoned to the defendant a telegram to be transmitted to the plaintiff at Dillon, S. C. It seems that the plaintiff had an afflicted son, who ran away from his father's home at Dillon and went to Columbia to the house of his sister. Soon after Mr. Byrd found that the boy was at his house he went to a store in the same building and got the merchant to phone to the telegraph office the following message to the boy's father: "Your boy is here with me. Don't be uneasy."

This telegram was never delivered. The telegram was directed to J. C. Hamilton, but, in transmission, was changed to J. S. Hamilton. There is much conflict as to the subsequent phone messages. The defendants claim that the address was insufficient and that its agent asked for a better address and the information received was misleading. That when the message was received at Dillon, the agent sent out the message but could find no one to whom it could be delivered. That inquiry was made at the post-office and of a policeman and others. That while they have no explanation of the change of initial in transmission, this was simple negligence at most, and in no event could the defendant be liable for punitive damages.

The defendant claims that the message does not disclose any special damage and there is no ground upon which damages for mental anguish can be based. The plaintiff's

testimony tended to show, that when Mr. Byrd was informed that the message had not been delivered, after the first efforts had failed, the defendant was told that Mr. Hamilton lived on Main street, but if he could not be found, then the message was to be delivered to the policeman and the defendant was requested to notify the sender if there was still further failure to deliver, and notification was promised. That defendant was instructed to deliver at almost any cost. It is admitted that the messenger boy inquired of a policeman, but did not deliver or offer the telegram to the policeman. There was a verdict for plaintiff for four hundred and sixty-three dollars.

The exceptions which state the questions raised will be considered in order.

Exception 1. "Because, it is respectfully submitted, his Honor, the presiding Judge, erred in refusing defendant's motion for direction of a verdict on the cause of action for punitive damages, made at the close of all the testimony, upon the ground: 'Because there is no evidence tending to show that the defendant has been guilty of wilfulness, wantonness, recklessness or intentional misconduct.' The error being, it is respectfully submitted, that there was nothing in the testimony which would warrant the submission of punitive damages to the jury, and upon defendant's motion his Honor should have withdrawn that cause of action from the jury."

Exception 2. "Because, it is respectfully submitted, his Honor, the presiding Judge, erred in refusing defendant's first request to charge, which request was: '1. I charge you that there was no evidence tending to show that the defendant has been guilty of wilfulness, wantonness, recklessness or intentional misconduct, and you cannot find a verdict for punitive damages.' The error being, it is respectfully submitted, that there was no testimony which would warrant the jury in awarding punitive damages, and his Honor should have so charged upon the request of defendant."

The Circuit Judge cannot pass upon the credibility of witnesses. There was testimony that the sender of the message urged delivery and offered to pay all reasonable cost of delivery. That in case of a failure to find Mr. Hamilton, the message was to be delivered to the policeman and in case of further failure to deliver, the sender was to be notified. That there was no attempt to deliver to the policeman and the plaintiff was not notified.

The jury had the power to find from the evidence that there was no effort to deliver to the policeman and that after some effort to deliver had been made, the message was placed in an envelope, stamped and put away in the Dillon office, not mailed and allowed to remain there until the trial of the case on Circuit. Was that a wilful disregard of the plaintiff's rights? That was a question for the jury. These exceptions are overruled.

Exception 3. "Because, it is respectfully submitted, his Honor, the presiding Judge erred in refusing defendant's motion for direction of a verdict upon the cause of action for mental anguish, made at the close of all the testimony, upon the following ground: '1. Because the mental anguish sustained by plaintiff, if any, is special damage, and the proper foundation has not been laid for the recovery of such damage, in that the message does not show on its face that mental anguish would probably result from delay or failure to deliver same, nor is there any testimony tending to show that the company was otherwise informed at the time the message was filed that mental anguish would probably result from the failure to promptly transmit and deliver the same.' The error being that as the telegram in suit did not relate to sickness or death and carried no notice on its face, nor was the defendant otherwise informed at the time the message was filed, that mental anguish would probably result from the delay or failure to deliver same, the alleged material anguish was special damage for which a recovery should not be had.

26—QR

The telegram was: "Your boy is here with me. Don't be uneasy." The only purpose apparent on the face of the telegram is to relieve mental anguish. This exception is overruled.

Exception 4. "Because, it is respectfully submitted, that his Honor, the presiding Judge, erred in allowing the plaintiff to testify as to his peculiar fears and apprehensions and his mental condition on account of the unexplained absence of his son from home in the following testimony:

" 'What was your condition and what was the condition of your family on account of the absence of this boy?' Mr. Nelson: We object to that. Anything about his condition or the condition of his family would not be competent. The Court: He can tell what he did. When your wife had been away all day and you had looked all day and had not found your son, did not that make you more uneasy? Yes, sir. Did you know what had become of him? No, sir. Had you not heard before that not far from Dillon two little boys had been killed? Mr. Nelson: We must object to all that, your Honor. That has absolutely nothing to do with this case. Did you know whether the boy was dead or alive? No, sir. You were glad to hear his footsteps? Yes, sir. If it had been Saturday night it would have saved you a good deal of anguish on Sunday? Yes, sir. Mr. Nelson: Let him state the facts and that is for the jury to say. We object to that line of questioning. The Court: Let him state the facts, Mr. McLaughlin. Did you or not sleep in peace on Saturday night? Mr. Nelson: We object to that. We are not chargeable with that, your Honor. Did you or not rest? Mr. Nelson: We object to that, your Honor. What kind of a night did you have because you did not receive this telegram? Mr. Nelson: We object to the question on the ground that it is leading, it is incompetent and it is irrelevant. The Court: I will let him answer it. What kind of a night did you spend? I did not rest at all till

I heard this boy come to the door. What kind of a day did you spend Sunday? I spent a bad day; I could not rest at all. What kind of a night did you spend Sunday? I could not rest Sunday night. Were you or not awake in your bed when your boy came to the door? Yes, sir; I knew it as soon as he came to the door and called his mother. It was a pleasant sound? Yes, sir. The Court: I think that is competent.'

"The error being that his Honor should have only allowed the plaintiff to testify to the facts, that is, that he had not received the telegram or information where the boy was, and the boy was away from home, he, the plaintiff, not knowing his whereabouts, and it was error to allow the plaintiff to testify as to what his anxiety or feeling was during the absence of his son."

The substance of that testimony is that the father suffered mental anguish occasioned by the failure to receive the telegram and the telegram showed that he would if it was not delivered. His Honor ruled out the testimony in regard to what had happened to other boys. This exception is overruled.

The Court calls attention to its former suggestion that in these cases the jury be directed to separate actual from punitive damages so that in case there be no evidence as to punitive damages, a new trial shall not be necessary.

Judgment affirmed.